UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN D. FIELDS, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Defendant. ) | No. 08 C 964 </br></br> Judge Bucklo </br></br> (formerly No. 2008 L 064003 in the </br> Circuit Court of Cook County, Illinois) |

## UNITED STATES' MOTION TO DISMISS

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss this action pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1. Plaintiff Karen Fields originally filed this action in Illinois state court against Robert O'Hara. In her state-court complaint, Fields alleged that she was employed by the Department of Veterans Affairs (the VA) as a healthcare technician, that Robert O'Hara was employed by the VA as a medical doctor, and that O'Hara committed an assault and battery of Fields while they were both working at the VA Medical Center located in Hines, Illinois.

2. On February 15, 2008, the United States removed this action from state court. In accordance with 28 C.F.R. § 15.3 and 28 U.S.C. § 2679(d)(2) of the Federal Tort Claims Act (FTCA), the United States' notice of removal was accompanied by a certification by the Attorney General's designee certifying that O'Hara was a federal employee acting within the scope of his employment at the time of the incidents alleged in the complaint.

3. On March 5, 2008, the court granted the United States' motion to substitute itself for O'Hara as the sole defendant in this action, as is required by § 2679(d)(2) when the Attorney General

certifies that an individual defendant was acting within the scope of his federal employment. *See also* 28 U.S.C. §§ 1346(b) and 2679(b)(1) (a civil action against the United States under the FTCA is the exclusive remedy for injuries caused by the alleged negligent or wrongful acts or omissions of a federal employee acting within the scope of his employment); *Ezekiel v. Michel*, 66 F.3d 894, 897 n. 5 (7th Cir. 1995) (a federal employee acting within the scope of his employment is immune from suit for injuries caused by allegedly negligent or wrongful acts or omissions).

4. As set forth below, the United States now moves to dismiss this action because Fields has failed to exhaust her administrative remedies under the FTCA, as required by 28 U.S.C. § 2675(a), and because Fields' claims are barred by the assault-and-battery exception to the FTCA, 28 U.S.C. § 2680(h).

5. Before bringing an action under the FTCA, a plaintiff must first exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."). Failure to do so deprives the court of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Sullivan v. United States*, 21 F.3d 198, 206 (7th Cir. 1994).

6. In the present case, when the parties presented a joint status report to the court on April 10, 2008, Fields' counsel admitted that Fields had not submitted an administrative tort claim to the VA, but contended nevertheless that Fields' state-court complaint was sufficient to satisfy the FTCA exhaustion requirement. This argument should be rejected from the start because Fields' state-court complaint defeats the whole purpose of the exhaustion requirement, which is to permit

administrative consideration and possible settlement of claims *before* full-scale litigation.  *See, e.g., Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991).  Fields' position should also be rejected because her state-court complaint was brought against an individual defendant and did not include a "sum certain" as to the damages claimed,[1] and therefore failed to comply with several of the key requirements for a proper administrative claim set forth in 28 C.F.R. § 14.2(a) (requiring, among other things, that an administrative claim be presented to a *federal agency*, and that such a claim include a "sum certain" as to the damages claimed); *see also Charlton v. United States*, 743 F.2d 557, 559-60 & n. 2 (7th Cir. 1984) (compliance with "sum certain" requirement is mandatory before institution of a federal lawsuit).  Lastly, Fields' position misses the mark because proper exhaustion under the FTCA requires an agency's final denial of the administrative claim in writing or at least a failure to make a decision within six months after the claim is filed.  28 U.S.C. § 2675(a).  Here, in contrast, none of that has occurred, and thus this action should be dismissed for failure to exhaust administrative remedies.

      7.     Looking beyond Fields' failure to exhaust, this action should also be dismissed because it is barred by the assault-and-battery exception to the FTCA, 28 U.S.C. § 2680(h) (barring FTCA actions for "[a]ny claim arising out of *assault, battery*, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .") (emphasis added).  On its face, § 2680(h) bars the assault and battery claims set forth in Counts I and II of Fields' complaint.  Section 2680(h) also bars the intentional infliction of emotional distress claim set forth in Count III because this ancillary claim "aris[es] out of" the

---

[1] The caption of the complaint appears to allege damages "over $100,000.00," but this is not a sum certain.  The uncertain nature of Fields' alleged damages is also illustrated by her prayer for relief, which seeks damages "in amounts to be proven at trial."

assault and battery alleged in Counts I and II. § 2680(h); *see also Aversa v. United States*, 99 F.3d 1200, 1207 (1st Cir. 1996).

WHEREFORE, this action should be dismissed.

                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney

            By:  s/ Samuel S. Miller
                    SAMUEL S. MILLER
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 886-9083
                    samuel.s.miller@usdoj.gov