UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 964 |
| v. | ) | |
| | ) | Judge Bucklo |
| ROBERT O'HARA and DR. JAMES B. PEAKE, Secretary, U.S. Department of Veterans Affairs, | ) ) ) | (formerly No. 2008 L 064003 in the Circuit Court of Cook County, Illinois) |
| | ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT
BY SECRETARY OF VETERANS AFFAIRS**

Dr. James B. Peake, Secretary of Veterans Affairs (the VA), by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for its answer to the first amended complaint, states as follows:

**First Defense**

Answering the specific allegations of the complaint, the VA admits, denies, or otherwise avers as follows:

1.      This is an action by an African-American employee of the United States Department of Veterans Affairs (V.A.). This action arises under the Equal Employment Opportunity Act of 1972 amending the Civil rights Act of 1964, as further amended by the Civil rights Act of 1991 and Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971). This court has jurisdiction under 28 U.S.C. 1331, 1337 and 1343, and 42 U.S.C. 2000e-16 and the Fourteenth Amendment to the United States Constitution, in that the claims involved violation of federally protected rights and charges of discrimination and retaliation. All administrative procedures have been exhausted.

**ANSWER:** The VA admits that plaintiff is a federal employee at the VA, and that the court has jurisdiction over plaintiff's claims of alleged discrimination and retaliation against the VA under Title VII of the Civil Rights Act. The VA denies any violation of plaintiff's civil rights. The VA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph; accordingly, they are denied.

2. Plaintiff, Karen Fields, is a federal employee who has been employed as a Licensed Practical Nurse (LPN) employed since 1985 by the U. S. Department of Veterans Affairs, (V.A.).

**ANSWER:** The VA admits that plaintiff is an African-American employee at the VA, but denies the remaining allegations of this paragraph.

3. Defendant Robert O'Hara , is a federal employee who has been employed as a doctor for the United States Department of Veterans Affairs.

**ANSWER:** Admit.

4. Defendant, R. James Nicholson, is the Secretary of the United States, Department of Veterans Affairs, and is the Official charged with the administration of all laws relating to the employment of officers and employees in and under the jurisdiction of the V. A.

**ANSWER:** Deny. Dr. James B. Peake is Secretary of Veterans Affairs.

5. Plaintiff filed a complaint of discrimination and retaliation based on her being subjected to a hostile work environment and generally being treated differently because of her race and in retaliation for exercising her right to oppose discrimination under case number 200J-0578-2007100997. Plaintiff received a final agency decision dated March 27, 2008 advising her she had 90 days from the date of receipt of the decision to file in the U.S. District Court.

**ANSWER:** The VA admits that plaintiff filed a complaint of discrimination, that plaintiff was issued a final agency decision on March 27, 2008, and that plaintiff had 90 days to file her civil action after receiving the agency's final decision. The VA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph; accordingly, they are denied.

6. Plaintiff is employed as a Healthcare Technician at the Edward Hines VA medical Center, 5000 S. 5th Avenue, Hines, Illinois ("Hines VAMC"), a position she has held since March of 2003.

**ANSWER:** Admit.

7. Defendant Robert O'Hara is a medical doctor and is the Chief of Informatics, Staff Neurologist, and Acting Associate Chief of the Spinal Cord Injury (SCI) clinic, at the Hines VAMC.

**ANSWER:** Admit.

8. On January 22, 2007, Plaintiff was working in the SCI clinic.

**ANSWER:** Admit.

9. On January 22, 2007, Dr. O'Hara entered an office where Plaintiff was working.

**ANSWER:** Admit.

10. Defendant O'Hara entered in a disruptive and obscene manner, shouted at Plaintiff and rushed toward Plaintiff in a forceful and threatening way loudly issuing profanities at Plaintiff.

**ANSWER:** Deny.

11. Defendant O'Hara spit on Plaintiff and bumped into Plaintiff and prevented her from leaving the office where she was working.

**ANSWER:** Deny.

12. Plaintiff told Defendant O'Hara that he was too close to her and that she had to leave to use the washroom but Defendant O'Hara refused to move and told Plaintiff, "Sit down and shut up."

**ANSWER:** Deny.

13. At some point Defendant O'Hara glanced down to see if Plaintiff had wet herself and Plaintiff was able to escape.

**ANSWER:** Deny.

14. Plaintiff felt emotionally hurt, scared, violated, nervous and panicky and was sent home by the administration.

**ANSWER:** Deny.

15. Plaintiff filed a report against Defendant. O'Hara with the Hines Police Department.

**ANSWER:** Admit.

16. Plaintiff had to undergo psychological treatment as a result of Defendant O'Hara's actions.

**ANSWER:** Deny.

17. Plaintiff repeats and realleges as paragraph 17 of her first amended complaint, paragraphs 1-16 above.

**ANSWER:** The VA realleges and incorporates by reference its responses to paragraphs 1 through 16 as if fully set forth herein.

18. The Equal Employment Opportunity Act and the Civil Rights Act of 1991, make it an unlawful employment practice to treat employees differently because of their race, or in reprisal or retaliation for engaging in protected activity in the terms and conditions of his employment or to

subject an employee to a hostile work environment because of her race, or in reprisal or retaliation for engaging in protected activity.

**ANSWER:**   The VA admits that Title VII of the Civil Rights Act prohibits employment discrimination based on race or retaliation for engaging in protected activity.  The VA denies that it discriminated or retaliated against plaintiff.

19.   The Defendant, R. JAMES NICHOLSON, through his agents, has violated the abovementioned laws by treating Plaintiff differently because of her race, or in reprisal or retaliation for engaging in protected activity.

**ANSWER:**   Deny.

20.   Plaintiff was thus denied her rights under the above Act.

**ANSWER:**   Deny.

21.   Plaintiff was damaged in amounts to be proven at trial as a result of the violation of her rights.

**ANSWER:**   Deny.

WHEREFORE, Plaintiff prays for judgment in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.  PLAINTIFF DEMANDS TRIAL BY JURY.

**ANSWER:**   Plaintiff's prayer for relief sets forth allegations to which no response is required.  To the extent a response is deemed necessary, the VA denies that plaintiff is entitled to the relief sought.

22.   Plaintiff repeats and realleges as paragraph 12 of her complaint paragraphs 1-21 above.

**ANSWER:**   The VA realleges and incorporates by reference its responses to paragraphs 1 through 21 as if fully set forth herein.

23.   Plaintiff has a constitutional right to Equal Protection under the Fourteenth Amendment to the United States Constitution and Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).

**ANSWER:**   The VA admits that the Fourteenth Amendment to the U.S. Constitution contains an equal protection clause which prohibits states from denying any person within their jurisdiction the equal protection of the laws.  The VA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph; accordingly, they are denied.

24.   Defendant O'Hara, violated Plaintiff's constitutional rights by treating her differently than other employees who were not African American or female by subjecting her to derogatory, insulting and provoking physical contact with Plaintiff without her consent and against her will.

**ANSWER:**   Deny.

25.   The actions of Defendant O'Hara, caused injury to Plaintiff.

**ANSWER:**   Deny.

26.   Plaintiff was damaged by the actions of Defendant O'Hara in amounts to be proven at trial.

**ANSWER:**   Deny.

WHEREFORE, Plaintiff prays for judgment against Defendant O'Hara in amounts to be proven at trial for reasonable attorney's fees and costs and such other relief as the court deems appropriate.

**ANSWER:** Plaintiff's prayer for relief sets forth allegations to which no response is required. To the extent a response is deemed necessary, the VA denies that plaintiff is entitled to the relief sought.

### Second Defense

Plaintiff's claims are barred to the extent she is complaining about conduct occurring more than 45 days before she contacted an EEO counselor.

### Third Defense

Plaintiff's claims are barred to the extent she is complaining about conduct outside the scope of her formal administrative complaint or any proper amendments thereto.

### Fourth Defense

Plaintiff's claims are barred to the extent she failed to fully exhaust her administrative remedies.

### Fifth Defense

Plaintiff's discrimination claims are barred to the extent she is complaining about conduct that fails to constitute an adverse employment action.

### Sixth Defense

Plaintiff's retaliation claims are barred to the extent she is complaining about conduct that fails to constitute a materially adverse action which well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

### Seventh Defense

Plaintiff's retaliation claims are barred to the extent they are based on conduct that did not constitute protected EEO activity.

### Eighth Defense

Plaintiff's retaliation claims are barred to the extent that the VA's decision-makers had no knowledge of plaintiff's alleged EEO activity.

### Ninth Defense

Plaintiff's alleged damages were caused in whole, or in part, by her own actions.

### Tenth Defense

Plaintiff's claims are barred to the extent he has failed to mitigate her alleged damages.

### Eleventh Defense

Plaintiff's claims are barred to the extent she is seeking remedies beyond those permitted by Title VII of the Civil Rights Act.

WHEREFORE, Dr. James B. Peake, Secretary of Veterans Affairs, requests that this court enter judgment in favor of the VA and against plaintiff with costs and with such further relief as may be appropriate.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Samuel S. Miller
　　SAMUEL S. MILLER
　　Assistant United States Attorney
　　219 South Dearborn Street
　　Chicago, Illinois 60604
　　(312) 886-9083
　　samuel.s.miller@usdoj.gov

Of Counsel:

RONDA PARKER-RICE
Office of Regional Counsel
Department of Veterans Affairs
P.O. Box 1427
Hines, Illinois 60141