UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 964 |
| v. | ) | |
| | ) | Judge Bucklo |
| ROBERT O'HARA and JAMES B. PEAKE, | ) | |
| Secretary, U.S. Department of Veterans | ) | (formerly No. 2008 L 064003 in the |
| Affairs | ) | Circuit Court of Cook County, Illinois) |
| | ) | |
| Defendants. | ) | |

**ROBERT O'HARA'S MOTION TO DISMISS**

Robert O'Hara, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves for dismissal from this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

1. Plaintiff Karen Fields' original complaint asserted an assault and battery claim against Dr. Robert O'Hara, which allegedly occurred while Fields was working as a healthcare technician and Dr. O'Hara was working as a medical doctor at the VA Medical Center located in Hines, Illinois. According to Fields, Dr. O'Hara entered an office where she was working in a disruptive manner, shouted at her, spit on and bumped into her, and allegedly glanced down to see if Fields had wet herself.

2. On March 4, 2008, the court granted the United States' motion to substitute itself as the sole defendant because O'Hara was a federal employee acting within the scope of his employment at the time of the incidents alleged in the original complaint. On May 19, 2008, the court granted the United States' motion to dismiss because Fields failed to exhaust her administrative

remedies under the Federal Tort Claims Act (FTCA), and because Fields' claims were barred by the assault-and-battery exception to the FTCA.

3. On May 28, 2008, the court granted Fields leave to file an amended complaint. In her amended complaint, Fields alleged the same underlying facts, but then asserted a new employment discrimination claim against the VA under Title VII of the Civil Rights Act, and a new constitutional claim against Dr. O'Hara in his individual capacity, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). According to the amended complaint, Dr. O'Hara's alleged actions violated the equal protection clause of the Fourteenth Amendment to the U.S. Constitution because Fields is African-American and female.

4. On August 1, 2008, the VA filed its answer to the amended complaint. However, Dr. O'Hara requested, and the court granted, an extension of time for his responsive pleading because the Department of Justice had not yet acted upon Dr. O'Hara's request for legal representation. *See* 28 C.F.R. § 50.15 (setting forth procedures for a federal employee sued in his individual capacity to obtain representation by the Department of Justice).

5. Now that the Department of Justice has granted Dr. O'Hara's request for legal representation, he moves for dismissal from this action because the comprehensive remedial schemes provided by Title VII and the Civil Service Reform Act (CSRA) preclude Fields from pursuing a *Bivens* remedy arising out of her federal employment. *Bush v. Lucas*, 462 U.S. 367, 385-86 (1983); *Richards v. Kiernan*, 461 F.3d 880, 883 (7th Cir. 2006); *Paige v. Cisneros*, 91 F.3d 40, 43-44 (7th Cir. 1996); *Robbins v. Bentsen*, 41 F.3d 1195, 1203 (7th Cir. 1994).

6. As explained by the Seventh Circuit in *Richards*, the Supreme Court's decision in *Bivens* authorizes the filing of certain constitutional claims against individual federal officers.

*Richards*, 461 F.3d at 883.  However, a judicially created *Bivens* remedy is inappropriate and precluded if Congress has already established a comprehensive remedial scheme to protect plaintiff's rights.  *Id.*  Applying that simple principle here, both Title VII, which covers claims of employment discrimination (*see* 42 U.S.C. § 2000e *et seq.*), and the CSRA, which covers nondiscriminatory employment claims (*see* 5 U.S.C. § 1101 *et seq.*), provide federal employees with comprehensive remedial schemes for claims arising out of their federal employment, and therefore preclude Fields' *Bivens* claim against Dr. O'Hara in his individual capacity.  *Bush*, 462 U.S. at 378 (declining to extend *Bivens* to federal employment context); *Richards*, 461 F.3d at 883 ("By creating the CSRA, Congress implicitly repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment."); *Paige*, 91 F.3d at 44 ("*Bivens* remedies have no place in individual personnel disputes arising out of federal employment."); *Robbins*, 41 F.3d at 1203.

    7.    This motion does not seek a dismissal of Fields' Title VII claim against the VA and, as noted above, the VA has already filed its answer.  Precisely because Title VII and the CSRA provide Fields with comprehensive remedial schemes to protect her rights, Fields' ancillary *Bivens* claim against Dr. O'Hara is precluded and should be dismissed.

    WHEREFORE, Dr. Robert O'Hara should be dismissed from this action with prejudice.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Samuel S. Miller
SAMUEL S. MILLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9083
samuel.s.miller@usdoj.gov